The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANE C JOHNSON and KATHLEEN M. JUSTIN, individually and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | NO. 2:11-cv-00927-RSM<br><br>**REVISED STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Upon stipulation of the parties, and it appearing to the Court that there is good cause to enter an appropriate Protective Order to protect confidential, trade secret and other non-public information and materials which may be made available in the course of discovery in this case, and whose public disclosure would create a substantial risk of competitive harm to Defendant, Allstate Insurance Company;

IT IS HEREBY ORDERED THAT the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery among the parties:

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 1
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1. All documents, interrogatory answers, admissions, depositions (in written transcript or video format) and other discovery materials produced or served by a party to this litigation upon an adverse party (collectively referred to as "Discovery Materials"), which are designated as "confidential" pursuant to paragraph two, will be used for the purposes of this litigation only and shall not be disclosed or disseminated to any third parties, other than counsel, witnesses, and the Court, as provided in paragraph three below. For purposes of this Order, any confidential designation shall thereafter include all copies of such materials delivered to or maintained by the receiving parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials.

2. Discovery Materials containing confidential and/or proprietary information, including but not limited to trade secrets, product development, insurance or policyholder information, claims handling manuals or guidelines, or which reflect principles, practices, plans or policies relating to the proprietor's business operations not previously disclosed to the public, may be designated by the party producing such materials as "confidential" by stamping a "confidential" legend on such documents ("Confidential Materials"). In the event that a producing party inadvertently fails to designate any material "confidential" in accordance with the foregoing procedure, the producing party shall provide supplemental written notice designating the material "confidential" as soon as practicable. The receiving party shall make a good faith effort to stamp the words "confidential" on each such page, and all copies thereof, and, from that point forward, treat such material in all respects as confidential material.

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 2
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

3. Except as may be otherwise agreed to by the parties, or ordered by the Court, disclosure of Confidential Materials or the information contained therein shall be limited to the parties, their counsel, counsel's legal and clerical assistants, the Court and Court personnel (including court and deposition stenographers), actual and prospective witnesses, and/or consultants or experts retained by the parties or counsel, as may from time to time reasonably be necessary in the prosecution or defense of this action. Counsel shall advise all persons to whom Confidential Materials are disclosed pursuant to this paragraph of the existence of this Order, and persons (other than counsel and their legal and clerical assistants, the Court and Court personnel) to whom disclosure is made shall agree in writing to be bound thereby prior to such disclosure by signing an acknowledgement in the form attached hereto as Exhibit A. No disclosure of Confidential Materials, other than that authorized by this Order or with the written consent of the party producing the Confidential Materials, is permitted.

4. No production of electronically stored information or materials or other information or materials in this litigation shall be deemed a waiver of any legally cognizable privilege to withhold any information or document printed therefrom.

5. The production in this action of any electronically stored information or other information that is subject to a claim of privilege shall be deemed to be inadvertent and to be without prejudice to any claim that such material is protected by the attorney/client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production, and no party shall be held to have waived any rights by such production.

6. Upon the discovery of a disclosure of information for which a privilege is asserted, the producing party shall promptly notify the party in receipt

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

of the information in writing of the disclosure, identify the document that contains such information, and immediately take steps to preclude further disclosure. In such an event, the party in receipt of the information will return all copies of identified materials protected by the asserted privilege and treat those materials as if they had been initially excluded from the production.

7. Deposition testimony by any party to this case or any employee or agent of a party to this case containing or reflecting proprietary or business information as described in paragraph two of this Order may be designated a "confidential." That designation shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the designating party, and the transcript of such deposition or portion thereof shall be so marked. The use and disclosure of testimony designated "confidential" shall be subject to all the limitations and requirements applicable to "Confidential Materials" set forth in this Order.

8. The parties shall not use, reveal or disclose the contents of Confidential Materials for any purposes, including, without limitation, any business, professional, or commercial purpose, or for use in any other litigation or potential litigation, other than those relating to this litigation and as allowed herein.

9. Confidential Materials or the information contained therein shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other Court matters. The parties shall take all reasonable steps to file Confidential Materials or the information contained therein under seal under FRCP 26(c)(1)(G) and Local Rule 5(g).

10. If a party wishes to use Confidential Materials or the information contained therein to support or oppose a motion or at trial, the following provisions shall apply:

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 4
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

a. The party submitting such materials or information in a filing with the Court (whether in pleadings, declarations, exhibits, or otherwise) will, contemporaneously with such filing, also file a redacted version of that filing which redacts the Confidential Materials or the information contained therein.

b. The party submitting the materials or information shall submit to the Court a motion to seal pursuant to Local Rule 5(g)(3) contemporaneous with the filing of the Confidential Materials or the information contained therein and shall adhere to all requirements in Local Rules 5(g)(3) & (4) for filing such material under seal.

c. If the disclosing party or non-party is not the party filing the motion to seal, then the disclosing party or non-party shall make the showing required by Local Rule 5(g) in its response to the motion.

d. Any motion to seal filed under any subsection of this Paragraph 9 shall be noted for consideration pursuant to Local Rules 5 and 7.

11. In the event the Court denies a motion to seal Confidential Materials or the information contained therein, the documents shall remain under seal for a period of three (3) judicial days after the date of the Court's denial of the motion to seal, in accordance with Local Rule 5(g)(5). If the filing party initially designated the Confidential Materials, then within that three (3) day period, the filing party may, at its option, file replacement documents that do not contain Confidential Materials, in which case the documents initially filed under seal shall remain on the docket under seal and not be considered by the Court. If the filing party does not file replacement documents within the time period prescribed by this Paragraph, the material shall be filed unsealed in the Court file.

12. All Confidential Materials filed with this Court shall remain under seal, including all pleadings, deposition transcripts, exhibits, discovery responses

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 5
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

or memoranda purporting to reproduce or paraphrase such information, **PROVIDED** that such documents are ordered sealed by the Court. A complete, unredacted set of documents subject to a motion to seal shall be provided by the filing party to opposing counsel the same day the documents are filed.

13. This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made.

14. Any person not a party who produces documents or gives deposition testimony in this proceeding, whether by reason of a subpoena or otherwise, may invoke the provisions of this Order by written notice or a statement on the record of a deposition to that effect.

15. The intent of this Order is to provide a mechanism by which the parties may protect their business confidences and proprietary information during the discovery process. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is in fact confidential or proprietary. If one party disputes the other party's designation of confidentiality, the party challenging the designation must first give the other party notice of the claim and an opportunity to cure. If the dispute cannot be resolved, the party contesting the confidentiality designation can then move for a court order. On any such motion, the party claiming that the material is confidential shall have the burden of proof that such material is properly designated as confidential and subject to this Protective Order. Material or information claimed to be confidential that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, until further order of

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 6
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

the Court, be treated as confidential in accordance with the provisions of this Order notwithstanding the existence of such dispute.

16. Notwithstanding any other provision of this Order, the party producing to another party material designated as confidential does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

17. Not later than ninety days after the judgment in this action becomes final and all rights of appeal have been exhausted (the "final judgment"), the parties agree that all copies of Confidential Materials will be either (a) destroyed or (b) returned to the producing party. The producing party will inform the other parties in writing within 30 days of the final judgment if the producing party wants all copies of its Confidential Materials to be returned, and will indicate its agreement to pay for appropriate shipping charges. If no such written notice is received, each party shall destroy the other parties' Confidential Materials in its possession, and send written confirmation of such destruction to all parties no later than ninety days after the final judgment.

18. The signatories of this Agreement have full binding authority to sign on behalf of all other counsel for plaintiff and defendant.

19. This Court shall retain jurisdiction to enforce the terms of this Order.

IT IS SO ORDERED this 31 day of August 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 7
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

| | |
|---|---|
| 1 | Stipulated to and Presented by: |
| 2 | HARPER | HAYES PLLC |
| 3 | |
| 4 | By /s/ Charles K. Davis (by email authorization) |
| 5 | Gregory L. Harper, WSBA #27311<br>Charles K. Davis, WSBA #38231 |
| 6 | Attorneys for Plaintiffs |
| 7 | RIDDELL WILLIAMS P.S. |
| 8 | |
| 9 | By /s/ Gavin W. Skok |
| 10 | Gavin W. Skok, WSBA #29766<br>Gregory T. Euteneier, WSBA #42069 |
| 11 | Attorneys for Defendants |

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 8
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# EXHIBIT A

# ACKNOWLEDGEMENT

I have been provided a copy of the Stipulated Protective Order entered in the case of *Dane C. Johnson, et al. v. Allstate Insurance Co.*, Case No. 11-cv-00927-RSM, which is currently pending in the United States District Court for the Western District of Washington. I have read the Stipulated Protective Order. I understand and agree that all Discovery Materials designated as "confidential" which are produced in this lawsuit, and the information contained therein, are to be used only for the purposes of the litigation, and are not to be disclosed to any third parties. I understand and agree that I will not disclose to anyone, other than to the parties, their counsel, counsel's legal and clerical assistants, the Court or Court personnel or other persons who have signed an Acknowledgement agreeing to abide by the terms of the Stipulated Protective Order, any confidential Discovery Materials or the information contained therein which is disclosed to me. I agree that I will abide by all provisions of the Stipulated Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

REVISED STIPULATED PROTECTIVE ORDER
(CASE NO. 11-CV-00927-RSM) - 9
4837-8291-4314.01
.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600