1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

DANE C. JOHNSON and KATHLEEN
M. JUSTIN, individually and the marital
community comprised thereof,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
a foreign insurance company,

Defendant.

CASE NO. 2:11-cv-00927

ORDER ON PLAINTIFFS' MOTION
TO COMPEL

17

18

19

20

21

22

23

24

    This matter comes before the Court on Plaintiffs' motion to compel.  Dkt. # 28.  The

Court has reviewed the motion, Defendant's response, Plaintiffs' reply, and all documents

submitted in support thereof.  The Court has also conducted an *in camera* review of the

documents that are the subject of this motion.  Having carefully reviewed the foregoing, the

Court DENIES the motion.[1]

---

[1] Plaintiffs' request to file under seal documents relating to this motion, Dkt. # 26, is
GRANTED.

ORDER - 1

1

## I. BACKGROUND

2       This is an insurance coverage dispute.  Plaintiffs Dane C. Johnson and Kathleen M. Justin

3   (collectively, the "Plaintiffs") own a waterfront home on Puget Sound in the town of Burien (the

4   "Property").  Plaintiffs purchased a "deluxe" homeowner's insurance policy from Defendant

5   Allstate Insurance Company ("Defendant") covering the Property (the "Policy").  Plaintiffs

6   allege that a severe windstorm struck the Burien area on November 22 and 23, 2010, that logs

7   and other debris in the water struck their home's foundation during the storm, and that their

8   home sustained significant damage as a result.  Although Plaintiffs tendered a claim for these

9   damages under their homeowner's policy, Defendant denied that claim on the basis of various

10  policy exclusions.

11      Plaintiff has made a discovery request for documents relating to Defendant's

12  investigation and adjustment of their claim.  In response to that request, Defendant has produced

13  a document entitled, "Claim History Report," which catalogues Defendant's various activity

14  regarding the investigation and adjustment of the claim at issue, in addition to various related

15  activity.  Several entries contained within the Claim History Report have been redacted on the

16  basis that they reflect private communications with Mark Cole, an outside attorney who assisted

17  Defendant in connection with its processing of Plaintiffs' claim.  Defendant claims that it is not

18  obligated to produce those entries because they are subject to the attorney-client privilege and

19  work product doctrine.

20      Plaintiff disagrees, and has now moved to compel production of an un-redacted version

21  of the Claim History Report.

22

23

24

ORDER - 2

1
## II. ANALYSIS

2    A.    Washington Substantive Law and Federal Procedural Law Govern this Dispute

3    Under the *Erie* Doctrine, a federal court sitting in diversity applies federal procedural law

4 and the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

5 The attorney-client privilege, as a substantive evidentiary privilege, is governed by state law.

6 *See* Fed. R. Evid. 501; *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007).

7 The work product doctrine, by contrast, is a procedural immunity and is therefore governed by

8 the Federal Rules of Civil Procedure. S*ee Union Pacific R. Co. v. Mower*, 219 F.3d 1069, 1077

9 n.8 (9th Cir. 2000).

10    B.    Attorney-Client Privilege

11    The attorney-client privilege protects confidential communications between attorneys and

12 clients from discovery or public disclosure. RCW 5.60.060(2)(a); *Hangartner v. City of Seattle*,

13 151 Wn.2d 439, 452 (2004). Because the privilege "impedes full and free discovery of the

14 truth," it must be strictly construed. *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989).

15 The attorney-client privilege "[i]s not dependent whatsoever upon the anticipation of litigation,

16 but instead depends upon the nature of the relationship involved." *Mission Nat'l Ins. Co. v. Lilly*,

17 112 F.R.D. 160, 163 (D. Minn. 1986). It protects only communications and advice between

18 attorney and client in the context of a professional relationship involving the attorney *as an*

19 *attorney*, and not documents prepared for some other purpose. *Schmidt v. California State Auto*

20 *Ass'n*, 127 F.R.D. 182, 183 (D. Nev. 1989); *Krammerer v. W. Gear Corp.*, 96 Wn.2d 416, 421

21 (1981). The burden of establishing privilege rests upon the party asserting it. *VersusLaw, Inc. v.*

22 *Stoel Rives, LLP*, 127 Wn.App. 309, 332 (2005).

23    "In the insurance context, the question of whether a communication falls within the

24

1   attorney-client privilege can often be a difficult one because of the investigatory nature of the

2   insurance business.  The line between what constitutes claim handling and the rendition of legal

3   advice is often more cloudy than crystalline." *HSS Enter., LLC v. AMCO Ins. Co.*, No. C06-

4   1485-JPD, 2008 U.S. Dist. LEXIS 11841, *9 (W.D. Wash. Jan. 14, 2008).  "Accordingly, to the

5   extent that an attorney acts as a claims adjuster, claims process supervisor, or claims

6   investigation monitor, and not as a legal advisor, the attorney-client privilege does not apply."

7   *Id*. at *10.  "The public policy reason behind this conclusion is that insurance companies should

8   not be permitted to insulate the factual findings of a claims investigation by the involvement of

9   an attorney to perform, or help perform, such work." *Id*. at *10-11.

10        On the instant motion, the relevant inquiry is whether the redacted materials at issue

11   reflect communications with attorney Cole while he was acting in the role of a claims adjuster,

12   investigator, or supervisor, or whether those communications occurred while he was acting in the

13   role of legal advisor.  Based upon the privilege log provided to them in connection with the

14   redacted entries at issue, Plaintiffs assert that Defendant hired Cole not for purposes of providing

15   legal advice, but instead to assist in the claim investigation and adjustment process.  In response,

16   Defendant asserts that the entries in question "record conversations between Allstate and its

17   outside counsel in which Allstate is seeking and receiving legal advice."

18        Having conducted an *in camera* review of the documents in question, it is clear that the

19   relevant communications reflected therein concern legal advice requested of and provided by

20   attorney Cole.  While it is true that these communications occurred during the claim

21   investigation / adjustment process, that fact alone does not alter the fact that attorney Cole was

22   providing legal advice.  Because the entries at issue reflect communications concerning

23   Defendant's request for and Cole's provision of legal advice, those materials are subject to the

24

1 │ attorney-client privilege and are therefore immune from discovery. RCW 5.60.060(2)(a);

2 │ *Hangartner*, 151 Wn.2d at 452.

3 │       Because the Court concludes that the entries at issue are subject to the attorney-client

4 │ privilege, it need not address Defendant's assertion that they are also entitled to work product

5 │ protection.

6 │                                **III. CONCLUSION**

7 │       For all of the foregoing reasons, Plaintiffs' motion to compel, Dkt. # 28, is DENIED.

8 │ Dated this 5 day of March 2012.

9

10 │                          RICARDO S. MARTINEZ

11 │                          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 5